UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

MAKINA VE KIMYA ENDUSTRISI A.S,

                  Plaintiff,

              -against-

A.S.A.P. LOGISTICS LTD; ASAP LOJISTIK VE SAVUNMA TICARET LIMITED SIRKETI (d/b/a "Asap Logistics and Defense" and/or "Asap Logistics and Defense Guvenlik Hizmetleri Sanayi Ve Ticaret Limited Sirketi"); TURKKEY CAPITAL KURUMSAL FINANS ÇÖZÜMLERI LIMITED ŞIRKETI (d/b/a "Turkkey Capital Kurmsal Finans Cozumleri Limited Şirketi"); DEBORAH CROSS; GÜVEN ACARER; TÜRKER KÜÇÜKER; and İLKER KÜÇÜKER,

                  Defendants,

**ORDER**

22 Civ. 3933 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff initiated this action on May 13, 2022, alleging violations of the Lanham Act, 15 U.S.C. Section 1125(a), New York General Business Law, § 349, and unfair competition. (Dkt. Nos. 1, 3)  On June 3, 2022, Plaintiff moved by order to show cause for a preliminary injunction against Defendants.  (Dkt. No. 8)  Plaintiff's proposed order to show cause states that Defendants – including six Defendants that reside in Turkey (the "Turkish Defendants")[1] – would be served "by personal service[] or certified mail service."  (Id. at 2)  On June 17, 2022, this Court issued an order directing Plaintiff to make a submission addressing "(1) why service by certified mail on the Turkish [D]efendants would be lawful given that Turkey has objected to service by mail under the Hague Service Convention; (2) the basis for exercising personal

---

[1] The Turkish Defendants include ASAP Lojistik Ve Savunma Ticaret Limited Şirketi, Turkkey Capital Kurumsal Finans Çözümleri Limited Şirketi, Güven Acarer, Metin Nerkiş, Türker Küçüker, and İlker Küçüker.

jurisdiction over the Turkish [D]efendants; and (3) an explanation for why Defendant Metin Nerkis is not listed in the caption." (June 17, 2022 Order (Dkt. No. 26))  On June 22, 2022, Plaintiff responded to this Court's order by (1) requesting leave to serve the Turkish Defendants by email, pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2); (2) describing the bases for the Court to exercise personal jurisdiction over these Defendants; and (3) requesting leave under Fed. R. Civ. P. 15(a)(2) to amend the Complaint to clarify any remaining factual issues regarding personal jurisdiction, and to amend the caption to include Defendant Nerkiş.  (June 22, 2022 Pltf. Motion (Dkt. No. 27) at 4-13)

Plaintiff states that "service of the Turkish Defendants via The Hague Convention would . . . impose . . . lengthy delays that may span upwards of six to eight months," and that Plaintiff's request for a preliminary injunction cannot be delayed for such time given "Defendants' ongoing use of [Plaintiff's] [i]ntellectual property . . . and [the] continuing threat to [Plaintiff's] finances and business reputation."  (Id. at 6)  Plaintiff asserts that "email service is particularly appropriate in this instance because the Turkish Defendants 'engage in online business and regularly communicate with customers through functional email addresses.'"  (Id. at 7 (quoting Elsevier, Inc. v. Siew Yee Chew, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018)))

Plaintiff has not, however, stated which email address(es) it seeks to use to serve the Turkish Defendants.  Although the exhibits attached to Plaintiff's preliminary injunction application reference an email address (guven@asapdefense.com) that is possibly affiliated with one or more of the Turkish Defendants (see Schnapp Decl., Ex. D (Dkt. No. 11-4) at 3), Plaintiff has not stated that it intends to serve the Turkish Defendants using this email address, or how service through this or other email addresses is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

2

Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (quotation marks and citation omitted). Accordingly, Plaintiff's request for leave to serve the Turkish Defendants through alternative service is denied without prejudice. By **July 15, 2022**, Plaintiff will supplement its motion for alternative service by describing the email addresses it seeks to use to serve the Turkish Defendants, and by submitting evidence that such email addresses are reasonably calculated to apprise each of the Turkish Defendants of the pendency of this action. Plaintiff's submission should also state the basis for its assertion that service through the Hague Service Convention may result in a six-to-eight-month delay in service.

With respect to Plaintiff's request for leave to file an amended complaint (see June 22, 2022 Pltf. Motion (Dkt. No. 27) at 12-13), Fed. R. Civ. P. 15(a)(1)(B) permits a plaintiff to amend its pleading as a matter of right within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Since Defendants have not yet been served and have not otherwise responded to the Complaint, Plaintiff may amend its Complaint as a matter of right under Fed. R. Civ. P. 15(a)(1)(B).

Dated:   New York, New York
         July 11, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge