UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAKINA VE KIMYA ENDUSTRISI A.S,<br><br>                                          Plaintiff,<br><br>- against -<br><br>A.S.A.P. LOGISTICS LTD, ASAP LOJISTIK VE SAVUNMA TICARET LIMITED SIRKETI D/B/A ASAP LOGISTICS AND DEFENSE AND/OR ASAP LOGISTICS AND DEFENSE GUVENLIK HIZMETLERI SANAYI VE TICARET LIMITED SIRKETI, TURKKEY CAPITAL KURUMSAL FINANS COZUMLERI LIMITED SIRKETI D/B/A TURKKEY CAPITAL KURUMSAL FINANS COZUMLERI LIMITED SIRKETI; DEBORAH CROSS, GÜVEN ACARER, TÜRKER KÜÇÜKER & İLKER KÜÇÜKER.<br><br>                                          Defendants. | Case No.: 1:22-cv-03933 |

## **PLAINTIFF'S RESPONSE IN SUPPORT OF ITS ORDER TO SHOW CAUSE**

Plaintiff Makina ve Kima Endustrisi A.S ("Plaintiff" or "MKE") respectfully supplements its Order to Show Cause and Motion for Alternative Service in Support of the Same, pursuant to the Court's July 11, 2022 Order (Dkt. No. 28), to: (1) provide the email addresses Plaintiff seeks to use to serve Defendants ASAP Logistics and Defense Guvenlik Hizmetleri Sanayi ve Ticaret Limited Sirketi ("ASAP Turkey"), Turkkey Capital Kurumsal Fians Cozumleri Limited Sirketi ("TC"), Guven Acarer ("Mr. Acarer"), Turker Kucuker ("T. Kucuker"), Ilker Kucuker ("I. Kucuker"), and Metin Nerkis ("Mr. Nerkis")[1] (collectively, the "Turkish Defendants"); (2) submit evidence that the proposed email addresses Plaintiff seeks to use to serve the Turkish Defendants are reasonably calculated to apprise the Turkish Defendants

---

[1] Mr. Nerkis will be formally added to the case caption in MKE's forthcoming Amended Complaint.

of the pendency of this action; and (3) state the basis for MKE's assertion that service through the Hague Service Convention may result in a six-to-eight-month delay in service.

I. **Email Addresses for Service on Turkish Defendants**

Plaintiff respectfully submits the below e-mail addresses it seeks to use to serve the Turkish Defendants:

| Defendant | Email Address(es) MKE Seeks to Use for Service | Source of Email Address |
|---|---|---|
| ASAP Turkey | contact@asapdefense.com | www.asapdefense.com |
| | debbie@asapdefense.com | Corporate Offer (ECF No. 11-4) |
| Mr. Acarer | guven@asapdefense.com | Corporate Offer (ECF No. 11-4) |
| TC | info@turkkeycapital.com | www.turkkeycapital.com |
| | Ali Emre AK, eak@aksan.av.tr Mina Özel, mozel@aksan.av.tr | Turkish Counsel for Defendants TC, T. Kucuker, and I. Kucuker |
| Mr. Acarer | guven@asapdefense.com | Corporate Offer (ECF No. 11-4) |
| T. Kucuker | info@turkkeycapital.com | www.turkkeycapital.com |
| | Ali Emre AK, eak@aksan.av.tr Mina Özel, mozel@aksan.av.tr | Turkish Counsel for Defendants TC, T. Kucuker, and I. Kucuker |
| I. Kucuker | ilkerkucker@turkkeycapital.com | Fraudulent Letter (ECF No. 11-2); www.turkkeycapital.com |
| | Ali Emre AK, eak@aksan.av.tr Mina Özel, mozel@aksan.av.tr | Turkish Counsel for Defendants TC, T. Kucuker, and I. Kucuker |
| Mr. Nerkis | metin.nerkis@compasslog.com | LinkedIn, Datanyze |

.

"[S]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *CKR Law LLP v. Anderson Investments International, LLC*, 525 F.Supp.3d 518, 525 (S.D.N.Y. 2021); *Sirius XM Radio, Inc. v. Aura Multimedia Corporation*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021); *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021); *Convergen Energy LLC v. Brooks*, 20-cv-3746 (LJL), 2020 WL 4038353, at *6 (S.D.N.Y. July 17, 2020). The email addresses presented above are reasonably calculated to apprise each of the Turkish Defendants of the pendency of this action.

For the reasons explained herein, email is likely to reach each respective defendant at the address(es) provided. Accordingly, service via these email addresses comports with due process. *See id.* Additionally, at least ASAP Turkey, TC, Mr. Acarer, T. Kucuker, and I. Kucuker are already apprised of the instant action.

### A. ASAP Turkey

The email addresses MKE seeks to use for service on ASAP Turkey are reasonably calculated to apprise ASAP Turkey of the instant action. The email address <contact@asapdefense.com> is the contact email provided on ASAP Turkey's website, www.asapdefense.com. July 15, 2022 Declaration of Daniel A. Schnapp ("Schnapp Decl."), Exhibit A. MKE is reasonably certain the website wwww.asapdefense.com belongs to ASAP Turkey because the logo on the website is the same as the logo used by ASAP Turkey in correspondence with potential purchasers (*see* ECF No. 11-4), and because the website's landing page contains a fraudulent statement about MKE's relationship with ASAP Turkey that demonstrate ASAP Turkey's continued wrongdoing: "Latest update: MKEK Turkey signs with ASAP Defense." Schnapp Decl., Exhibit B. Service on this email is reasonably likely to apprise ASAP Turkey of the instant action and appropriate given ASAP Turkey's wrongdoing. *See I.M. Wilson, Inc. v. Otvetstvennostyou "Grichko",* No. CV 18-5194, 2018 WL 6446601, at *3 (E.D. Pa. Dec. 10, 2018) (granting plaintiff's motion for alternative service because plaintiff had recently filed a motion for a preliminary injunction and expediting the process would curtail further harm to plaintiff).

The second email address MKE seeks to use for service on ASAP Turkey, <debbie@asapdefense.com>, is listed on a Corporate Offer prepared on ASAP Turkey letterhead

and signed by Defendant Cross ("Ms. Cross") that was provided to a purchaser of MKE ammunition. ECF No. 11-4.

### 1. ASAP Turkey Is Aware of This Litigation

Further, an attorney has been in communication with counsel for MKE concerning Ms. Cross, A.S.A.P. Logistics Ltd. ("ASAP U.S.") and ASAP Turkey. While he has not explicitly stated that he has been formally retained MKE has a reasonable belief that Ms. Cross, ASAP U.S., and ASAP Turkey are fully apprised of the instant action.

### B. Mr. Acarer

Mr. Acarer is an owner of ASAP Turkey. ECF No. 1, ¶ 15. MKE seeks to serve Mr. Acarer at the email address <guven@asapdefense.com>. This email address is listed on a Corporate Offer prepared on ASAP Turkey letterhead that was provided to a purchaser of MKE ammunition and is therefore reasonably calculated to apprise Mr. Acarer of this action. ECF No. 11-4. Further, Mr. Acarer contacted MKE's counsel concerning this action is thus already aware of this litigation.

### C. TC, T. Kucucker, & I. Kucuker

The email addresses MKE seeks to use for service on TC, T. Kucuker, and I. Kucuker are reasonably calculated to apprise ASAP Turkey of the instant action.

### 1. TC

The TC website, www.turkkeycapital.com, is provided at the bottom of the Fraudulent Letter of Intent Defendants provided to potential buyers to support their false assertions that they were authorized to promote, export, and import various MKE products in Turkey and other countries, including the United States. ECF No. 11-2. MKE seeks to serve TC using the email address <info@turkkeycapital.com>, the email provided on the TC website's "Contact" page.

Schnapp Decl., Exhibit C. Courts permit service on a foreign corporation by email where there is a "high likelihood that [the foreign corporation] will receive and respond to emails sent to the [email address]." *See Convergen Energy LLC v. Brooks*, 20-cv-3746 (LJL), 2020 WL 4038353, at *9 (S.D.N.Y. July 17, 2020); *Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (finding service through email appropriate because the "email address in question is listed prominently on [defendant's ] Internet homepage ... [,] [the defendant] presumably relies at least partially on contact through [its email] to conduct overseas business, and it is reasonable to expect [defendant] to learn of the suit against it through this email address."). Here, TC has prominently displayed on TC's website and TC presumably relies at least partially on contact through email given their listing of email addresses on documents of record in this litigation. *See, e.g.*, ECF No. 11-2. Service on TC via their website's contact email address is therefore reasonably likely to reach TC.

### 2. I. Kucuker

MKE seeks to serve I. Kucuker using the email address ilker@turkkeycapital.com. This email address is provided at the bottom of the Letter of Intent. ECF No. 11-2. It is also provided on TC's website in connection with I. Kucuker's biography.

### 3. T. Kucuker

MKE seeks to serve T. Kucuker using TC's email address, <info@turkkeycapital.com>. T. Kucuker is an owner of TC and service of process directed toward T. Kucuker via the TC email address is thus reasonably calculated to inform T. Kucuker of the action against him. MKE further seeks to serve T. Kucuker, I. Kucuker, and TC via attorneys who have represented to MKE's counsel that they represent T. Kucuker, I. Kucuker, and TC.

### 4. TC, I. Kucuker, and T. Kucuker are Aware of This Litigation

MKE also seeks to serve TC, I. Kucuker, and T. Kucuker via email on their Turkish attorneys Ali Emre AK, having email address eak@aksan.av.tr, and Mina Özel having email address mozel@aksan.av.tr. Ms. Ozel and Mr. Ali contacted MKE's counsel regarding this litigation and stated that they represented TC, I. Kucuker, and T. Kucuker but have since stopped communicating with MKE's counsel. Serving TC, I. Kucuker, and T. Kucuker via their Turkish attorneys is appropriate and will further ensure that these Defendants are fully and properly apprised of the instant action. *See Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) ("[T]he Court sees no reason to slow the progress of this case by ordering service through the [Hague] Convention when service through . . . counsel will be just as reliable, if not more so."); *Ackerman v. Global Vehicles U.S.A., Inc.,* 2011 WL 3847427, at *3–4 (E.D. Mo. Aug. 26, 2011) (authorizing service on defendant's counsel "so as to not further delay" the lawsuit); *LG Elecs., Inc. v. ASKO Appliances, Inc.,* 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (authorizing service on defendant's counsel "to prevent further delays in litigation").

### D. Mr. Nerkis

MKE seeks to serve Mr. Nerkis at the email address associated with the company Mr. Nerkis says he is an owner and managing director of on his LinkedIn profile. Mr. Nerkis' LinkedIn profile indicates that he is the owner and managing director of Compass Logistics International Incorporated. Schnapp Decl., Exhibit D. MKE has been informed from other of the Turkish Defendants that the Mr. Nerkis associated the ASAP entities is involved in logistics in the greater New York City area and MKE therefore believes that this LinkedIn profile belongs to the Mr. Nerkis discussed in MKE's complaint. Datanyze.com shows that Mr. Nerkis

corporate email address is <metin.nerkis@compasslog.com>. Schnapp Decl., Exhibit E. This email address is thus reasonably calculated to apprise Mr. Nerkis of the instant action.

## II. Using The Hague Service Convention Would Create Unnecessary Delay

Among the body of scholarly works detailing the logistical difficulties that service pursuant to The Hague Convention presents, there is a general consensus that service of process under The Hague Service Convention often adds six months, if not more, to an already delayed judicial process.[2] In fact, in a significant percentage of cases, proof of service is delayed by a year or more.[3] One study showed that nearly thirty percent of requests for service under The Hague Convention were either never acted upon or took more than a year to complete.[4] For cases originating in the United States, ten percent of requests are never fulfilled at all.[5]

Indeed, Courts in this District have cited concerns about such delays to excuse plaintiffs from utilizing the flawed service provisions under The Hague Convention or other international agreements regarding service of process. In *In re GLG Life tech Corp. Sec. Litig.*, for example, the Court expressed concern that "the length of time required for service under the Hague Convention, approximately **six to eight months** may unnecessarily delay this case." 287 F.R.D. at 266 (emphasis added). The Court noted that "delays in service under The Hague Convention" support an order of alternate service under Fed. R. Civ. P. Rule 4(f)(3) because "service via The Hague Convention would be a pointless and lengthy exercise, an order of alternate service is

---

[2] Charles Routh, *Dispute Resolution – Representing the Foreign Client in Arbitration and Litigation*, in GOING INTERNATIONAL: FUNDAMENTALS OF INTERNATIONAL BUSINESS TRANSACTIONS 483, 491 (2004) (stating that, as a default rule, litigants should expect service through the Central Authority – even when successful – to take at least six months); Eric Porterfield, *Too Much Process, Not Enough Service: International Service of Process Under the Hague Service Convention*, 86 TEMP. L. REV. 331 (2014) ("Indeed, service of process under the Hague Service Convention often adds six months or more to an already delay-ridden judicial process.").
[3] Permanent Bureau, Hague Conference on Private Int'l Law, Summary of Responses to the Questionnaire of July 2008 Relating to the Service Convention, with Analytical Comments 17 (2009) http:// www.hcch.net/upload/wop/2008pd14e.pdf. *See also id.* Figure 2.
[4] *See id.*
[5] *See supra* note 2, at 10.

7

justified." *Id.* at 266-67. Similarly, in *Stream SICAV v. Wang*, the Court found that service on a Chinese defendant might take anywhere from **four to six months, six to eight months, or six to eighteen months**. 989 F.Supp.2d 264, 280 (S.D.N.Y. 2013) (emphasis added).

Based on the foregoing cases from the Southern District of New York and scholarly articles analyzing the delay in requiring service pursuant to The Hague Convention, if service is ordered through The Hague Convention, MKE is likely to experience a time delay of six to eight months, if not more.

Plaintiff relies not only on the amount of time delay to justify its request for alternative service. Plaintiff has moved for alternate service under Fed. R. Civ. P. Rule 4(f) because of its outstanding motion for a preliminary injunction to stop Defendants' ongoing infringement of its intellectual property. *See I.M. Wilson, Inc.*, 2018 WL 6446601 at *3 (granting plaintiff's motion for alternative to curtail further harm to plaintiff).

## CONCLUSION

MKE respectfully submits that it has supplemented its motion for alternative service by describing the email addresses it seeks to use to serve the Turkish Defendants, submitted evidence that such email addresses are reasonably calculated to apprise each of the Turkish Defendants of the pendency of this action, and stated the basis for its assertion that service through The Hague Service Convention may result in a months' long delay that will prejudice MKE given the irreparable harm as set forth in its Motion for Preliminary Injunction. Accordingly, MKE respectfully requests that its motion for alternative service be granted in its entirety.

Dated: July 15, 2022

                                                        Respectfully submitted,

                                                        **NIXON PEABODY LLP**

                                                        By: /s/ Daniel A. Schnapp
                                                        Daniel A. Schnapp
                                                        Alper Tosun
                                                        55 W. 46th Tower 46
                                                        New York, New York 10036
                                                        Telephone: (212) 940-3000
                                                        dschnapp@nixonpeabody.com
                                                        atosun@nixonpeabody.com

                                                        *Attorneys for Plaintiff*