UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAKINA VE KIMYA ENDUSTRISI A.S,

Plaintiff,

-against-

A.S.A.P. LOGISTICS LTD; ASAP LOJISTIK VE
SAVUNMA TICARET LIMITED SIRKETI (d/b/a "Asap
Logistics and Defense" and/or "Asap Logistics and
Defense Guvenlik Hizmetleri Sanayi Ve Ticaret Limited
Sirketi"); TURKKEY CAPITAL KURUMSAL FINANS
COZUMLERI LIMITED SIRKETI (d/b/a "Turkkey
Capital Kurmsal Finans Cozumleri Limited Sirketi");
DEBORAH CROSS; GUVEN ACARER; TURKER
KUCUKER; and ILKER KUCUKER,

Defendants.

**ORDER**

22 Civ. 3933 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff Makina ve Kimya Endustrisi A.S ("Makina") – a manufacturer of

military products – brings this action alleging violations of the Lanham Act, 15 U.S.C. § 1125(a),

New York General Business Law § 349, and unfair competition for Defendants' unauthorized

distribution of Plaintiff's products. (Cmplt. (Dkt. No. 3) ¶¶ 1, 20-58)

On June 22, 2022, Plaintiff moved for permission to serve Defendants ASAP

Lojistik Ve Savunma Ticaret Limited Sirketi ("ASAP Turkey"), Turkkey Capital Kurumsal

Finans Cozumleri Limited Sirketi ("Turkkey Capital"), Guven Acarer, Metin Nerkis, Turker

Kucuker, and Ilker Kucuker (collectively, the "Turkish Defendants") by alternative means, in

light of the expected six-to-eight-month delay in service if Plaintiff were to serve these

Defendants under the Hague Service Convention. (June 22, 2022 Pltf. Motion (Dkt. No. 27) at

4-7)

For the reasons stated below, Plaintiff's motion will be granted.

## BACKGROUND

The Complaint was filed on May 13, 2022.[1]  (See Dkt. No. 1)  On June 3, 2022, Plaintiff moved by order to show cause for a preliminary injunction. (Dkt. No. 8)  Plaintiff's proposed order to show cause provided that Defendants would be served "by personal service[] or certified mail service."  (Id. at 2)

In a June 17, 2022 order, this Court directed Plaintiff to address "(1) why service by certified mail on the Turkish [D]efendants would be lawful[,] given that Turkey has objected to service by mail under the Hague Service Convention; (2) the basis for exercising personal jurisdiction over the Turkish [D]efendants; and (3) . . . why Defendant Metin Nerkis is not listed in the caption." (June 17, 2022 Order (Dkt. No. 26))

In a June 22, 2022 submission, Plaintiff (1) requested leave to serve the Turkish Defendants by email, pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2); (2) addressed the bases for this Court to exercise personal jurisdiction over the Turkish Defendants; and (3) requested leave under Fed. R. Civ. P. 15(a)(2) to amend the Complaint to add allegations regarding personal jurisdiction, and to amend the caption to include Defendant Nerkis. (June 22, 2022 Pltf. Motion (Dkt. No. 27) at 4-13)

On July 11, 2022, this Court directed Plaintiff to supplement its motion for alternative service by (1) listing the email addresses through which the Turkish Defendants would be served; (2) demonstrating that service through these email addresses would be reasonably calculated to apprise each of the Turkish Defendants of the pendency of this action;

---

[1] The Complaint (Dkt. No. 1) was filed on May 13, 2022, but was rejected for a filing deficiency.  It was refiled on May 16, 2022.  (See Dkt. No. 3)

and (3) stating the basis for Plaintiff's assertion that service through the Hague Service

Convention will result in a six-to-eight-month delay in service.  (July 11, 2022 Order (Dkt. No.

28) at 3)  This Court also granted Plaintiff leave to file an amended complaint.[2]  (Id.)

In a July 15, 2022 submission, Plaintiff lists the fourteen email addresses through

which Plaintiff proposes to serve the Turkish Defendants.  (July 15, 2022 Pltf. Subm. (Dkt. No.

29) at 2; see also id. at 2-7 (providing source for each email address))  Plaintiff also cites case

law, a law review article, and a law school textbook discussing "logistical difficulties that service

pursuant to [t]he Hague [Service] Convention presents."  (Id. at 7-8)

## DISCUSSION

## I.    LEGAL STANDARD

Rule 4(f) of the Federal Rules of Civil Procedure permits a court to direct service

on an individual in a foreign country in one of three ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . [;] or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).  Rule 4(h)(2) directs that a corporation, partnership, or unincorporated

association can be served in a foreign country "in any manner prescribed by Rule 4(f) for serving

an individual, except personal delivery."  Fed. R. Civ. P. 4(h)(2).

"Courts have repeatedly recognized that 'there is no hierarchy among the

subsections in Rule 4(f).'"  In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 265 (S.D.N.Y.

---

[2] No Amended Complaint has been filed.

2012) (quoting Advanced Aerofoil Techs., AG v. Todaro, No. 11 Civ. 9505 (ALC) (DCF), 2012 WL 299959, at \*1 (S.D.N.Y. Jan. 31, 2012)). Indeed, "[a] plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." S.E.C. v. Anticevic, No. 05 CV 6991 (KMW), 2009 WL 361739, at \*3 (S.D.N.Y. Feb. 13, 2009) (emphasis omitted) (citation omitted).

    "'The decision [of] whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.'" Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (quoting RSM Prod. Corp. v. Fridman, No. 06 CIV. 11512 (DLC), 2007 WL 1515068, at \*1 (S.D.N.Y. May 24, 2007)). "To obtain the Court's permission to utilize Rule 4(f)(3), [a plaintiff] must show that 'the facts and circumstances of the present case necessitate . . . district court intervention.'" United States v. Lebanese Canadian Bank SAL, 285 F.R.D. 262, 266 (S.D.N.Y. 2012) (quoting Rio Prop., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002)). "'[S]ervice must be directed by the court and must not be prohibited by international agreement.'" Zhang v. Baidu.com Inc., 932 F. Supp. 2d 561, 564 (S.D.N.Y. 2013) (quoting Advanced Aerofoil, 2012 WL 299959, at \*1). A court must also determine that the proposed method of service "'is reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or proceeding, and to afford him an adequate opportunity to be heard.'" KPN B.V. v. Corcyra D.O.O., No. 08 CIV. 1549 (JGK), 2009 WL 690119, at \*1 (S.D.N.Y. Mar. 16, 2009) (quoting Levin v. Ruby Trading Corp., 248 F. Supp. 537, 540-41 (S.D.N.Y. 1965)). In deciding whether a particular method of service satisfies due process, a court may consider "'the practicalities in a given case.'" Id. (quoting same).

## II.    ANALYSIS

### A.    Whether Service by the Proposed Alternative Means Is Necessary

In determining whether alternative service is appropriate, "district courts in this Circuit have generally required: (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." Lebanese Canadian Bank SAL, 285 F.R.D. at 267 (quotation marks and citations omitted).

Here, Plaintiff argues that "service of the Turkish Defendants via [t]he Hague [Service] Convention would . . . impose . . . lengthy delays that may span upwards of six to eight months." (June 22, 2022 Pltf. Motion (Dkt. No. 27) at 6; see also July 15, 2022 Pltf. Subm. (Dkt. No. 29) at 7-8 (citing case law, law review article, and law school textbook discussing such delays in service)) Plaintiff complains that its request for a preliminary injunction should not "be delayed for six to eight months," given "Defendants' ongoing use of [Plaintiff's] [i]ntellectual [p]roperty . . . and [the] continuing threat to [Plaintiff's] finances and business reputation." (June 22, 2022 Pltf. Motion (Dkt. No. 27) at 6)

This Court concludes that Plaintiff has adequately shown that court intervention is necessary and that alternative service is warranted. See In re GLG Life, 287 F.R.D. at 265-68 (noting that "nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague [Service] Convention before granting an order permitting alternative service under Rule 4(f)(3)"; granting motion for alternative service where service under the Hague Service Convention would lead to six-to-eight-month delay in service).

**B.    Whether Service by the Proposed Means**
       **Is Prohibited by International Agreement**

As discussed above, Plaintiff seeks permission to serve the Turkish Defendants

via email. (June 22, 2022 Pltf. Motion (Dkt. No. 27) at 4-7)  Rule 4(f)(3) permits a court to

direct service on a defendant in a foreign country by any "means not prohibited by international

agreement." Service on a foreign defendant pursuant to the Hague Convention on the Service

Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965,

[1969] 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Service Convention") is "mandatory" when

serving a defendant who resides in a foreign country that is a signatory to the convention.

Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988); see also Burda

Media, Inc. v. Viertel, 417 F.3d 292, 299-300 (2d Cir. 2005).

Here, Turkey is a signatory to the Hague Service Convention. See Türkiye –

Central Authority & Practical Information (last updated June 8, 2022), https://www.hcch.net/en/

states/authorities/details3/?aid=277.  Although Turkey has objected to Article 10(a) of the Hague

Service Convention – which permits service via "postal channels"[3] – courts have held that such

Article 10(a) objections do not extend to service via email.  See, e.g., F.T.C. v. Pecon Software

Ltd., No. 12-cv-7186 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) (noting that

"[n]umerous courts have held that service by email does not violate any international agreement

where the objections of the recipient nation are limited to those means enumerated in Article 10"

(citations omitted)); United States v. Besneli, No. 14 CIV. 7339 (JFK), 2015 WL 4755533, at *2

(S.D.N.Y. Aug. 12, 2015) (authorizing service by email on defendant in Turkey).

---

[3] See Türkiye Declarations, https://www.hcch.net/en/instruments/conventions/status-
table/notifications/?csid=425&disp=resdn.

6

This Court concludes that service by email is not prohibited by international agreement.

## C.     **Whether Service by the Proposed Means Comports with Due Process**

Where a plaintiff asks a court to authorize service by email, "the court must determine whether the alternative method is reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (quotation marks and citation omitted). "'Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant.'" CKR Law LLP v. Anderson Investments Int'l, LLC, 525 F. Supp. 3d 518, 525 (S.D.N.Y. 2021) (quoting Convergen Energy LLC v. Brooks, No. 20-cv-3746 (LJL), 2020 WL 4038353, at *6 (S.D.N.Y. July 17, 2020)).

Here, Plaintiff proposes to serve the Turkish Defendants through fourteen email addresses.[4] Plaintiff asserts that the email addresses for ASAP Turkey and Turkkey Capital are set forth in their corporate websites and in correspondence that these Defendants provided to prospective customers, including (1) a July 30, 2021 letter of intent (the "Letter of Intent") from Turkkey Capital to ASAP Turkey stating that Turkkey Capital is "authorized by the [General Directorate of Machinery and Chemical Industry (MKEK)] to promote, present, export, and import various ammunition, weapon systems, rocket systems, and explosives" "on behalf of MKEK and MKEK's Domestic and Foreign Approved Suppliers" (Schnapp Decl., Ex. B (Letter of Intent) (Dkt. No. 11-2)); and (2) a September 27, 2021 document in which ASAP Turkey represents to M42 Tactical Inc. that ASAP Turkey is "ready willing and able" to sell certain Makina products to M42 Tactical Inc. (the "Offer to Sell") (Schnapp Decl., Ex. D (Offer to Sell) (Dkt. No. 11-4)).  (July 15, 2022 Pltf. Subm. (Dkt. No. 29) at 2-7)

---

[4] The email addresses are set forth in the table below:

| Defendant | Email Address(es) | Source of Email Address |
|---|---|---|
| ASAP Turkey | contact@asapdefense.com | www.asapdefense.com |
| | debbie@asapdefense.com | Offer to Sell (Dkt. No. 11-4) |
| Guven Acarer | guven@asapdefense.com | Offer to Sell (Dkt. No. 11-4) |
| Turkkey Capital | info@turkkeycapital.com | www.turkkeycapital.com |
| | eak@aksan.av.tr | Turkish counsel for Defendants Turkkey |
| | mozel@aksan.av.tr | Capital, T. Kucuker, and I. Kucuker |
| Turker Kucuker | info@turkkeycapital.com | www.turkkeycapital.com |
| | eak@aksan.av.tr | Turkish counsel for Defendants Turkkey |
| | mozel@aksan.av.tr | Capital, T. Kucuker, and I. Kucuker |
| Ilker Kucuker | ilkerkucuker@turkkeycapital.com | Letter of Intent (Dkt. No. 11-2) |
| | | www.turkkeycapital.com |
| | eak@aksan.av.tr | Turkish counsel for Defendants Turkkey |
| | mozel@aksan.av.tr | Capital, T. Kucuker, and I. Kucuker |
| Metin Nerkis | metin.nerkis@compasslog.com | LinkedIn, Datanyze |

(July 15, 2022 Pltf. Subm. (Dkt. No. 29) at 2)

Plaintiff seeks to serve ASAP Turkey through the email addresses

contact@asapdefense.com and debbie@asapdefense.com. The first email address is listed as the

contact email on ASAP Turkey's website www.asapdefense.com[5] (Schnapp Decl., Ex. A (Dkt.

No. 30-1)), and the second email address is listed in the Offer to Sell (Dkt. No. 11-4). (See July

15, 2022 Pltf. Subm. (Dkt. No. 29) at 3-4)

Plaintiff asserts that Defendant Guven Acarer is an owner of ASAP Turkey

(Cmplt. (Dkt. No. 3) ¶ 15), and seeks to serve Acarer through the email address

guven@asapdefense.com. That email address is listed in the Offer to Sell. (See July 15, 2022

Pltf. Subm. (Dkt. No. 29) at 4)

Plaintiff asserts that Defendant Turker Kucuker is an owner of Turkkey Capital

(see Cmplt. (Dkt. No. 3) ¶ 16), and seeks to serve Turkkey Capital and Turker Kucuker through

the email address info@turkkeycapital.com. That email address is listed as the contact email on

Turkkey Capital's website info@turkkeycapital.com (Schnapp Decl., Ex. C (Dkt. No. 30-3)).

(See July 15, 2022 Pltf. Subm. (Dkt. No. 29) at 4-5)

Plaintiff asserts that Defendant Ilker Kucuker is also an owner of Turkkey Capital

(Cmplt. (Dkt. No. 3) ¶ 17), and seeks to serve Ilker Kucuker through an email address listed in

the Letter of Intent:[6] ilkerkucuker@turkkeycapital.com.[7] (See Letter of Intent (Dkt. No. 11-2);

July 15, 2022 Pltf. Subm. (Dkt. No. 29) at 5)

---

[5] Plaintiff states that it "is reasonably certain the website www.asapdefense.com belongs to ASAP Turkey because the logo on the website is the same as the logo used by ASAP Turkey in [the Offer to Sell], and because the website's landing page contains a fraudulent statement about [Makina's] relationship with ASAP Turkey that demonstrate[s] ASAP Turkey's continued wrongdoing." (Id. at 3)

[6] Plaintiff also asserts that the email address it seeks to use to serve Ilker Kucuker is listed on Turkkey Capital's website in connection with Ilker Kucuker's biography. (See id. at 5)

[7] In its motion, Plaintiff references the email addresses "ilkerkucker@turkeyycapital.com" and "ilker@turkkeycapital.com," and states that these email addresses are listed in the Letter of

9

Plaintiff also proposes to serve Turkkey Capital and the Kucukers via email on their Turkish attorneys – Ali Emre AK and Mina Ozel (eak@aksan.av.tr and mozel@aksan.av.tr) According to Plaintiff, these lawyers have been in contact with Plaintiff's counsel regarding the instant litigation. (July 15, 2022 Pltf. Subm. (Dkt. No. 29) at 6)

Finally, Plaintiff seeks to serve Defendant Nerkis through the email address metin.nerkis@compasslog.com. According to Plaintiff, that email address is associated with Compass Logistics International Incorporated. Based on information obtained from Defendant Nerkis's LinkedIn profile[8] and the website datanyze.com,[9] Plaintiff asserts that Nerkis owns and is the managing director of this company. (Id. at 6-7; Schnapp Decl., Ex. D (Dkt. No. 30-4) (LinkedIn screenshot); id., Ex. E (Dkt. No. 30-5) (datanyze.com screenshot))

Plaintiff contends that service through these email addresses is likely to apprise the Turkish Defendants of this action. Plaintiff also notes that it has been in contact with counsel for ASAP Turkey, Acarer, Turkkey Capital, and the Kucukers, and that these Defendants are thus already aware of this litigation. (July 15, 2022 Pltf. Subm. (Dkt. No. 29) at 4-6) Plaintiff further contends that "email service is particularly appropriate in this instance because the Turkish

---

Intent. (Id. at 2, 5) These email addresses are not listed in the Letter of Intent, however. Accordingly, Plaintiff is directed to serve Ilker Kucuker using the email address listed in the Letter of Intent: ilkerkucuker@turkkeycapital.com. (See Letter of Intent (Dkt. No. 11-2))
[8] Nerkis's LinkedIn profile states that, since July 2007, he has served as the managing director and owner of Compass Logistics, a company in the New York City area that provides "[s]upply [c]hain [m]anagement for [d]efense [i]ndustry [c]ompanies." The profile also states that Nerkis has been involved in the freight forwarding business since 1993. (See Schnapp Decl., Ex. D (Dkt. No. 30-4)) Other Defendants have informed Plaintiff "that the Mr. Nerkis associated [with] the ASAP entities is involved in logistics in the greater New York City area." (July 15, 2022 Pltf. Subm. (Dkt. No. 29) at 6)
[9] The "Metin Nerkis" page on the datanyze.com website lists metin.nerkis@compasslog.com as a contact email for Nerkis. That page lists Nerkis's current position as "Managing Director" at Compass Logistics, and states that the company is headquartered in Moonachie, New Jersey. The page also states that Nerkis has been employed in the logistics and freight forwarding business since 1992. (Schnapp Decl., Ex. E (Dkt. No. 30-5))

10

Defendants 'engage in online business and regularly communicate with customers through functional email addresses.'" (Id. at 7 (quoting Elsevier, Inc. v. Siew Yee Chew, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018)))

This Court concludes that service through the email addresses listed above is likely to provide the Turkish Defendants with notice of this litigation. As discussed above, a number of the listed email addresses are corporate email addresses associated with ASAP Turkey and Turkkey Capital, the two corporate entities involved in the alleged conspiracy to distribute Makina products without authorization. (See Cmplt. (Dkt. No. 3) ¶¶ 34-35) See Sulzer, 312 F.R.D. at 332 (finding service through email appropriate where the "email address in question is listed prominently on [the defendant's ] Internet homepage . . . . [,] [the defendant] presumably relies at least partially on contact through [its email] to conduct overseas business, and it is reasonable to expect [the defendant] to learn of the suit against it through this email address"); Stream SICAV v. Wang, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013) ("[S]ervice on a high-level employee's corporate employer, or counsel for that employer, is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process."). Plaintiff will also serve Turkkey Capital and the Kucukers through their counsel, which provides additional assurance that these Defendants will be apprised of this action. Moreover, Plaintiff has already informed counsel for ASAP Turkey, Turkkey Capital, Acarer, and the Kucukers of this litigation. See WhosHere, Inc. v. Orun, No. 1:13-CV-00526-AJT-TRJ, 2014 WL 670817, at *4 (E.D. Va. Feb. 20, 2014) (noting that, "[i]n tailoring alternative methods of process pursuant to Rule 4(f)(3), courts have taken into consideration whether [the] defendant already possessed either knowledge of [the] suit or that he may be the subject to a suit" (citation omitted)).

As to Defendant Nerkis, Plaintiff has adequately shown that the email address metin.nerkis@compasslog.com belongs to Nerkis; that Nerkis currently owns and manages the company associated with that email address; and that service through this email address is thus likely to notify him of this action.

Accordingly, service through the fourteen email addresses listed by Plaintiff is reasonably calculated, under all the circumstances, to apprise the Turkish Defendants of the pendency of this action.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for alternative service is granted.

Dated:  New York, New York
        July 29, 2022

SO ORDERED.

Paul G. Gardephe
United States District Judge

12