UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAKINA VE KIMYA ENDUSTRISI A.S.,<br><br>                                   Plaintiff,<br><br>- against -<br><br>A.S.A.P. LOGISTICS LTD, ASAP LOGISTICS AND DEFENSE SECURITY SERVICES LTD., ASAP LOJISTIK VE SAVUNMA TICARET LIMITED SIRKETI D/B/A ASAP LOGISTICS AND DEFENSE AND/OR ASAP LOGISTICS AND DEFENSE GUVENLIK HIZMETLERI SANAYI VE TICARET LIMITED SIRKETI, TURKKEY CAPITAL KURUMSAL FINANS COZUMLERI LIMITED SIRKETI D/B/A TURKKEY CAPITAL KURUMSAL FINANS COZUMLERI LIMITED SIRKETI; DEBORAH CROSS, GÜVEN ACARER, METIN NERKIS, TÜRKER KÜÇÜKER & İLKER KÜÇÜKER.<br><br>                                   Defendants. | Case No.: 22-cv-03933 |

**STIPULATION OF JUDGMENT**

WHEREAS, the Court previously granted partial summary judgment in favor of Plaintiff Makina ve Kimya Endustrisi's ("MKE") and found that Defendants Debbie Cross ("Cross"), ASAP Logistics and Defense Security Services Ltd. ("ASAP Defense"), and ASAP Logistics Ve Savunma Ticaret Limited Sirketi ("ASAP Turkey")[1], are liable for infringing Plaintiff Makina ve Kimya Endustrisi's (MKE's) trademarks under the Lanham Act (15 U.S.C. § 1125(a)) (Dkt. No. 241);

WHEREAS, for all remaining claims by MKE, this matter was set for trial commencing on September 30, 2024;

---

[1] Defendants Cross, ASAP Defense, ASAP Turkey and A.S.A.P. Logistics, LTD ("ASAP Logistics") are collectively referred to herein as the ASAP Defendants.

1

WHEREAS, following the parties' pretrial submissions and rather than proceed to trial, ASAP Logistics hereby stipulates to judgment in favor of MKE on MKE's claims for liability for infringing MKE's trademarks under the Lanham Act (15 U.S.C. § 1125(a));

WHEREAS, following the parties' pretrial submissions and rather than proceed to trial, the ASAP Defendants hereby stipulate to judgment in favor of MKE on MKE's claims that the ASAP Defendants' infringement was willful based on reckless disregard of MKE's trademarks under the Lanham Act and thus constituted bad faith under New York General Business Law § 133 and New York common law;

NOW THEREFORE, based on these stipulations and the record in this matter, including the Court's prior Orders, it is hereby Ordered by this Court that:

ASAP Logistics is liable for infringing MKE's Trademarks under the Lanham Act (15 U.S.C. § 1125(a));

ASAP Logistics, ASAP Defense, ASAP Turkey, and Cross willfully infringed MKE's trademarks;

ASAP Logistics, ASAP Defense, ASAP Turkey, and Cross are liable for common law infringement of MKE's trademarks; and

ASAP Logistics, ASAP Defense, ASAP Turkey, and Cross are liable for infringement of MKE's trademarks under New York General Business Law § 133.

The Court enters judgment in favor of MKE and against ASAP Logistics, ASAP Defense, ASAP Turkey, and Cross on MKE's claims for liability and for willful infringement under the Lanham Act and under New York General Business Law § 133 and New York common law relating to MKE's trademarks.

Pursuant to Federal Rule of Civil Procedure 54(b)(2)(B) and 58(e), the Court finds that the time to file any notice of appeal relating to this matter, including but not limited to any appeal relating to the Court's grant of partial summary judgment in favor of the ASAP Defendants relating to damages (Dkt. 241), shall be extended until the Court enters an Order ruling on the following: MKE shall file any motion for attorney's fees pursuant to 15 U.S.C. § 1117(a) (the "Fees Motion") on or before October 25, 2024. The ASAP Defendants shall have until November 15, 2024 to file a response. MKE shall have until November 22, 2024 to file a reply. Following receipt of these filings, the Court shall inform the parties whether a hearing or further evidence is requested. The parties acknowledge and agree that briefing on the Fees Motion may include the court and discovery record in this matter and all trial exhibits identified by the parties.

MKE shall have until October 25, 2024 to file any Bill of Costs. The parties otherwise shall comply with Fed. R. Civ. P. 54 relating to the contents and deadlines for any filings relating to a bill of costs.

The Court further finds that MKE is entitled to and granted a permanent injunction, effective upon the entry of this Order, immediately and permanently enjoining the ASAP Defendants from:

a)   Using the MKE name or trademarks to promote, market, advertise, sell, or offer for sale any good or service;

b)   Holding themselves out as authorized to act on MKE's behalf, or otherwise associated with MKE; and

c)   Further infringing on MKE's trademarks.

SO ORDERED:

Date: October 1, 2024

Hon. Arun Subramanian

STIPULATED AND AGREED TO:

By: */s/ John T. Ruskusky*
John T. Ruskusky
Alper Tosun
NIXON PEABODY LLP
55 W. 46th Tower 46
New York, New York 10036
(212) 940-3000
jtruskusky@nixonpeabody.com
atosun@nixonpeabody.com

Attorneys for Plaintiff

By: */s/ Richard S. Mandel*
Richard S. Mandel
Jaime A. Berman
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
(212) 790-9200
rsm@cll.com
jab@cll.com

Attorneys for ASAP Defendants

4