UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAKINA VE KIMYA ENDUSTRISI A.S,

                              Plaintiff,

-against-

A.S.A.P. LOGISTICS LTD et al.,

                              Defendants.

22-CV-3933 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Plaintiff Makina Ve Kimya Endustrisi A.S. ("MKE"), a Turkish defense products manufacturer and distributor, brought a Lanham Act suit against defendants A.S.A.P. Logistics LTD ("ASAP Logistics"), Asap Lojistik Ve Savunma Ticaret Limited Sirketi ("ASAP Turkey"), ASAP Logistics and Defense Security Services Ltd. ("ASAP Defense"), Deborah Cross, and Guven Acarer.[1] MKE alleged that the ASAP defendants, which were controlled by Cross and Acarer, were making false representations to clients about a nonexistent relationship with MKE and access to MKE products—representations that involved use of the MKE logo and mark. *See* Dkt. 59.

The Court granted MKE's motion for partial summary judgment on liability for the Lanham Act claims as to ASAP Turkey, ASAP Defense, and Cross. Dkt. 240 at 5, 9. However, the Court denied summary judgment on willfulness, the state-law claims, and, as to ASAP Logistics, Lanham Act liability. *Id.* at 5, 9–10. The Court also rejected each of MKE's damages theories and granted defendants' motion for partial summary judgment on damages. *Id.* at 19–20.

Shortly before trial, the parties stipulated to ASAP Logistics' Lanham Act liability, all defendants' common-law and New York General Business Law liability, and all defendants' willful infringement. Dkt. 263 at 2. This resolved all issues that were to be tried. MKE then moved for attorneys' fees.

## LEGAL STANDARDS

Section 35(a) of the Lanham Act permits a court, in its discretion, to "award reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a). There is no dispute that MKE is the "prevailing party," so the question of fees turns on whether this was an "exceptional" case.

---

[1] Acarer has not participated in the case nor been reachable since the Court granted defense counsel's motion to withdraw from his representation. MKE never sought a default judgment against him.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. The Second Circuit has held that this applies to attorneys' fees in Lanham Act cases. *See Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 530–31 (2d Cir. 2018) (noting that many circuits have "concluded that *Octane Fitness* applies to the Lanham Act's attorney's fees provision" and "join[ing] them").

*Octane Fitness* instructs courts engaging in the "exceptional case" inquiry to evaluate the totality of the circumstances, taking account of "a wide variety of factors, including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 530 (quoting *Octane Fitness*, 572 U.S. at 554 n.6). Instead of applying a "precise rule or formula," courts are instructed to exercise their "equitable discretion." *Octane Fitness*, 572 U.S. at 554 (citation omitted). Exceptional cases are "rare"; "a district court may award fees" where "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555.

## DISCUSSION

MKE argues that attorneys' fees are warranted given both the "substantive strength" of its litigating position and the "unreasonable manner in which" defendants litigated the case. Dkt. 271 at 2. The Court has considered the totality of the circumstances. For the reasons set forth below, as well as the reasons set forth in defendants' brief in opposition to the motion, Dkt. 275, this case is not an "exceptional" one warranting an award of attorneys' fees.

First, MKE has not demonstrated that the substantive strength of its litigating position makes this case "exceptional." MKE argues that it had the much stronger litigating position because defendants' main defense was good faith, and "good faith is not a defense to trademark infringement." *Id.* at 2, 5. MKE also says that defendants had no justification for their infringing conduct, and their infringement was willful. *Id.* at 5. But "*Octane Fitness* establishes no presumption—rebuttable or otherwise—that cases involving willful infringement are necessarily 'exceptional.'" *4 Pillar Dynasty LLC v. N.Y. & Co.*, 933 F.3d 202, 216 (2d Cir. 2019). And while MKE was ultimately successful (at summary judgment) on some questions of liability and (in a stipulation designed to avoid trial costs) on its other non-damages claims, merely having the prevailing legal arguments doesn't mean its case was "exceptional." *See Poly-Am., L.P. v. API Indus.*, 666 F. Supp. 3d 415, 418 (S.D.N.Y. 2023) ("[T]he party moving for an attorney's fees award must do more than just show that the non-moving party's litigating position was incorrect, it must persuade the Court that the party's arguments had little to no legal merit."). Some of defendants' arguments, "though weak, were within the bounds of zealous advocacy" and not frivolous or objectively unreasonable. *Blair v. Alstom Transp., Inc.*, 2020 WL 4504842, at *8 (S.D.N.Y. Aug. 5, 2020) (citation omitted).

2

When considering the strength of the parties' litigating positions, the Court considers MKE's failure to make out a case on damages. This may not be a factor in every case, but it's significant here. Early in the litigation, the defendants ceased use of the mark at issue and the ASAP defendants consented to a preliminary injunction against use of the MKE mark. *See* Dkt. 50. So the main reason that this case went on for as long as it did was MKE's insistence on pursuing a multimillion-dollar award of damages, and then utterly failing to produce evidence to support that ask.

In November 2022, prior to reassignment of this case, Judge Gardephe foresaw this issue. He told the parties that "[a]lthough I don't know what discovery is going to reveal, I tend to believe that plaintiff may have difficulty establishing damages. So what is rational under the circumstances? To me, what is rational is not litigating the case for the next couple of years, which is going to be expensive for both sides." Dkt. 138 at 45:21–46:1. But that is exactly what ended up happening. Here, the issue is not the mere fact that MKE didn't obtain damages at the end of the day. Rather, it is MKE's insistence on pursuing an inflated award while at the same time failing to adduce admissible evidence to support that award during discovery. *See Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 136, 149 (S.D.N.Y. 2000) (noting that courts "have disagreed as to whether the failure to recover monetary damages should be a factor in deciding whether to award attorneys' fees," but observing the significance of the issue in the case at hand: "I find the issue of monetary damages persuasive not because Gidatex received so little, but because it requested so much."); *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 2020 WL 5658779, at *10 (E.D.N.Y. Sept. 23, 2020) (in denying fees, noting defendant's success in precluding royalty testimony and fact that jury awarded no lost profits against $19 million ask from plaintiff).

Defendants had some litigation victories along the way, including avoiding summary judgment on MKE's Lanham Act claims asserting willful or bad-faith conduct. *See* Dkt. 240 at 9–10. This doesn't come close to "either [the] subjective bad faith or [the] exceptionally meritless claims" that would "sufficiently set [a case] apart from mine-run cases to warrant a fee award." *Octane Fitness*, 572 U.S. at 555; *see also BRK Tobacco & Foods, LLP v. Galaxy VI Corp.*, 2020 WL 2833666, at *13 (S.D.N.Y. May 31, 2020) ("If a Lanham Act plaintiff has a valid and enforceable trademark, . . . it is not a 'weakness' to defend the case on other grounds," especially when "defendant succeeded in denying [plaintiff] summary judgment as to willfulness."); *Am. Tech.*, 2020 WL 5658779, at *10 ("[c]ritical[]" that the non-moving party had "notched several notable victories throughout the case").

This is not the "rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness*, 572 U.S. at 555. "[M]ost post-*Octane* cases awarding fees . . . involve substantial litigation misconduct." *Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.*, 2023 WL 3815276, at *3 (S.D.N.Y. June 5, 2023) (quoting *Hockeyline, Inc. v. STATS LLC*, 2017 WL 1743022, at *5 (S.D.N.Y. Apr. 27, 2017)); *see, e.g., Am. Exch. Time LLC v. Tissot S.A.*, 2022 WL 17414348, at *5 (S.D.N.Y. Dec. 5, 2022) (finding a case was "exceptional" when defense counsel attended a conference "as an

3

'observer' instead of formally appearing, and then intentionally declar[ed] default"); *Experience Hendrix, L.L.C. v. Pitsicalis*, 2020 WL 3564485, at *15–16 (S.D.N.Y. July 1, 2020) (awarding attorneys' fees when defendants refused to participate in discovery). MKE doesn't demonstrate anything close to that: defendants "submitted well-prepared legal memoranda, making responsible . . . albeit ultimately [partially] unsuccessful . . . arguments," "presented facts in support of" their defenses, "subjected [themselves] to discovery," and generally "conducted [themselves] in a highly professional manner." *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2023 WL 4145515, at *7 (S.D.N.Y. June 23, 2023). MKE says that defendants made unreasonable legal arguments about Turkkey Capital, that defendant Cross made material misrepresentations, and that defendants failed to comply with their discovery obligations. Dkt. 271 at 9–18. But as defendants point out, MKE never moved to compel a single document, which it would reasonably have been expected to do had there been real, unresolvable discovery concerns. Dkt. 275 at 15. (For their part, defendants point fingers back at MKE, charging the plaintiff with litigation misconduct of its own. *See* Dkt. 275 at 3.)

And as previously noted, ASAP Logistics, ASAP Turkey, Cross, and Acarer voluntarily agreed to a preliminary injunction prohibiting use of the MKE mark in August 2022, and defendants ASAP Logistics, ASAP Defense, ASAP Turkey, and Cross later voluntarily agreed to stipulate to liability to avoid a costly trial. Dkt. 275 at 10; *see* Dkts. 50, 263. These "effort[s] to minimize both parties' investment of time and money . . . undermine[] . . . allegations of an improper motive" or bad faith. *Magnum Photos Int'l, Inc. v. Houk Gallery, Inc.*, 2019 WL 4686498, at *3 (S.D.N.Y. Sept. 26, 2019). In fact, it is MKE's own insistence on seeking damages, which Judge Gardephe predicted more than two years ago would be an uphill battle, that has led to such a lengthy litigation.

This is an atypical case in several respects. On the one hand, defendants (at least some of them) used MKE's name and logo, touting a corporate relationship that didn't exist. But defendants say that they were just mistaken and misled by a defendant, Guven Acarer, whom MKE hasn't pursued and hasn't sought a default judgment against; they say they weren't acting in bad faith. And they point out that years ago, they ceased the offending conduct and pledged not to engage in it any further. Nevertheless, MKE pushed this litigation to the brink, and ultimately had its damages claims wiped out for the failure to come up with admissible evidence of a single dollar lost due to defendants' conduct. MKE has not pointed to a single case awarding fees on exceptional-case grounds that comes close to this type of situation.

Considering the totality of the circumstances and the factors outlined in *Octane Fitness*, no award of attorneys' fees is appropriate here. MKE's motion is denied. The Clerk of Court is directed to terminate Dkt. 270.

SO ORDERED.

Dated: June 24, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge